**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THOMAS PHILIPP-EDMOND,

    Plaintiff,

v.                              Case No. 3:20-cv-329-J-32MCR

PERFECT PIZZA PIE, INC.,
AHSAN SHEIKH, JOHN DOE 1-10,
and JOHN DOE CORPORATION 1-
10,

    Defendants.

## **O R D E R**

This case is before the Court on the parties' Joint Motion for Approval of Wage and Hour Settlement. (Doc. 7). Plaintiff Thomas Philipp-Edmond worked as a delivery driver for Defendants Perfect Pizza Pie, Inc. and Ahsan Sheikh's Domino's Pizza store in Ponte Vedra Beach, Florida from 2015 to January 2020.[1] (Doc. 1 ¶ 41, 43). On March 31, 2020, he filed a two-count Complaint, alleging failure to pay minimum wages under the Fair Labor Standards Act, 29

---

[1] Though the Doe Defendants remain in the Complaint, their presence has not come up in the parties' filings. The settlement agreement is between Philipp-Edmond, Perfect Pizza Pie, Inc., and Sheikh, and the parties agree that the Court should dismiss the case with prejudice if the settlement is approved. (See Docs. 1, 7-1).

U.S.C. § 201 et seq., ("FLSA") (Count I), and failure to pay minimum wages under Art. X, § 24, FLA. CONST. (Count II). Philipp-Edmond and the Defendants subsequently reached a settlement agreement that requires the Court's approval (Doc. 7-1). Philipp-Edmond also provides a declaration from his attorney in support of a request for attorneys' fees and costs. (Doc. 7-2).

On April 8, 2020, the assigned United States Magistrate Judge in Crandall v. Perfect Pizza Pie, Inc., et al., No. 3:19-cv-562-J-32PDB (M.D. Fla.), issued a Report and Recommendation recommending that the Court approve the parties' settlement as a fair and reasonable resolution of the disputed issue of liability, except not retain jurisdiction over the case to enforce the agreement, and dismiss the case with prejudice if no motion for non-compliance was filed within thirty days of the approval order. (Doc. 39). The Court adopted the Report and Recommendation. (Doc. 40).

The facts and the settlement agreement presented in that case were nearly identical to those presented by Philipp-Edmond here. Both Crandall and Philipp-Edmond worked for the same pizza store (Crandall since 2014) as hourly, non-exempt employees and made deliveries using their personal cars, for which they claim they were not properly reimbursed. Crandall and Philipp-Edmond also used the same counsel to bring their lawsuits against the Defendants. The facts, applicable law, and settlement agreements in the two

2

cases do not diverge in any material way; the Magistrate Judge's analysis applies in this case as it did in Crandall.[2]

Thus, after reviewing Philipp-Edmond's settlement agreement (Doc. 7-1) and declaration regarding attorneys' fees (Doc. 7-2), the Court adopts the analysis in Crandall and finds that the settlement agreement and attorneys' fees therein are fair, adequate, and reasonable and should be approved.

Accordingly, it is hereby

**ORDERED:**

1. The parties' Joint Motion for Approval of Wage and Hour Settlement (Doc. 7) is **GRANTED**. The settlement agreement (Doc. 7-1) is approved as a fair and reasonable resolution of the case.

2. This case is **DISMISSED with prejudice**.

3. The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 13th day of October, 2020.

*Timothy J. Corrigan*

---

[2] While Crandall estimated that he drove eight miles round trip per delivery, Philipp-Edmond estimates that he drove seven miles per round trip per delivery. (Doc. 1 ¶ 56). Additionally, Crandall's case went to arbitration for negotiation of a settlement amount, while Philipp-Edmond's case has not been arbitrated, and the parties reached a straightforward agreement shortly after filing the case. (See Docs. 1, 7).

                                                TIMOTHY J. CORRIGAN  
                                                United States District Judge

tnm  
Copies:

Counsel of record

4